UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

———————————————————————————

SHARE CORPORATION,

          Plaintiff,

v.                                          Case No. 10-CV-109

MOMAR, INC., RICHARD ARENSBERG,
FRED BAYER, TED BERGER,
WENDY BUTTREY, STEPHEN KUTI,
ROD MILLER, LAWRENCE SMITH,
and IRA WOREN,

          Defendant.

———————————————————————————

## ORDER

The plaintiff, Share Corporation ("Share"), is a Wisconsin-based company that sells "speciality chemical solutions," such as disinfectants and cleaners. Share alleges that one of its competitors, Momar Inc. ("Momar"), and several of Momar's employees have engaged in some "dirty" business. Specifically, on February 9, 2010, the plaintiff filed a complaint in this court against Momar and its employees, Richard Arensberg ("Arensberg"), Ted Berger ("Berger"), Rod Miller ("Miller"), Ira Woren ("Woren"), Fred Bayer ("Bayer"), Wendy Buttrey ("Buttrey"), Stephen Kuti ("Kuti"), and Lawrence Smith ("Smith"), alleging that the defendants collectively violated state contract and tort law when they breached agreements the employees signed when they worked for the plaintiff. (Docket #1). Three days later, Share opted to file a motion to expedite discovery in the case (Docket #3) and a motion for a temporary retraining order or a preliminary injunction. (Docket #4). Share claims

that the motion to expedite discovery is necessary such that the plaintiff can "prepare for the temporary injunction hearing." (Pl.'s Mot. for an Order to Expedite Disc. 2). Having received briefs from both sides on the motion to expedite discovery, the court will now address the merits of that motion.

Share outlines the facts propelling its motion for expedited discovery in its original complaint, its brief to the court, and in an affidavit submitted by John Wright ("Wright"), the Senior Vice President of Sales for Share. In his affidavit, Wright notes that Share employed all of the defendants, excluding Momar, up until 2009. (Wright Aff. ¶ 3). Four of the defendants, Bayer, Buttrey, Kuti, and Smith, were employed as sales representatives, selling Share's products in various parts of the United States. (Wright Aff. ¶ 2-3). Share's sales representatives are trained by and report to "managers." Four former managers are named as defendants in this litigation: Arensberg, Berger, Miller, and Woren. (Wright Aff. ¶ 3). At the commencement of their employment with Share, both the defendant managers and sales representatives signed agreements in which they pledged to keep certain trade secrets and information[1] confidential and to not solicit Share's customers or

---

[1] The agreement the employees signed include an exhausting list of information which Share alleges to be confidential, including Share's "product formulations, manufacturing processes, financial information, marketing and sales plans, materials developed for sales, marketing, promotion, and training." (Pl's Br. 3-4). Moreover, Wright's affidavit lists more information Share considers to be confidential such as, "the identify of the purchasing agents and buyers, the nature of the business, particular purchasing requirements and habits, stocking requirements, product applications, uses and preferences, prices paid for particular products, and practices and procedures of customers and prospective customers." (Wright Aff. ¶ 8).

employees.[2] A majority of the defendants resigned their position with Share in the summer of 2009 and have since "all gone to work for" Momar. (Wright Aff. ¶ 13). Wright asserts in his affidavit, that since joining Momar, the defendants have: (1) solicited sales from customers to whom they previously sold while employed at Share; (2) used or disclosed Share's confidential information; and (3) solicited employees of Share to join Momar. With this, the plaintiff has moved the court to allow discovery in this case to commence in order to substantiate the plaintiff's arguments to secure a preliminary injunction. (Docket #3).

Fed. R. Civ. P. 26(d) provides that "except in categories exempted from initial disclosure[s] . . . or when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Here, the parties have not had a Rule 26(f) conference, nor has there been any scheduling order. As such, Share may not commence discovery without the consent of the defendants or an order from this court. *See* Fed. R. Civ. P. 26(f)(1); Fed. R. Civ. P. 16(b)(2). Share has requested the court's permission to expedite discovery. (Docket #3).

---

[2] Specifically, the non-solicitation clauses included a provision that the employees for a period of one year following the end of their affiliation with Share would not "solicit business for chemical sales within his [or her] geographic region from any customers whom he [or she] served while employed at Share, or who were served by persons working under his [or her] direct supervision or control and with whom he [or she] had direct contact as an employee of Share." Moreover, each manager agreed that for a period of three years following the end of their employment with Share they would not "solicit any employees of Share to work with him [or her in the chemical sales industry] or any [chemical sales] company with whom he [or she] was employed or with which he [or she] is affiliated."

Neither the Federal Rules of Civil Procedure, nor its accompanying notes provide the court with any guidance regarding its authority to allow expedited discovery. However, as this court discussed in an order from September of last year, when a motion for a preliminary injunction is pending before the court the court's determination on whether expedited discovery is appropriate is guided by a "good cause" or "reasonableness" standard. *See Edgenet, Inc. v. Home Depot U.S.A., Inc.*, 259 F.R.D. 385, 387 n2 (E.D. Wis. 2009) (citing *Centrifugal Acquisition Corp. v. Moon*, No. 09-C-327, 2009 U.S. Dist. LEXIS 56170, at *4 n1 (E.D. Wis. May 6, 2009)). The reasonableness standard allows expedited discovery when the need for the expedited discovery outweighs the prejudice to the responding party, based on the "entirety of the record to date and the reasonableness of the request in light of the surrounding circumstances."[3] *Edgenet,* 259 F.R.D. at 387. As expedited discovery is "not the norm," the plaintiff must make "some prima facie showing of the need for the expedited discovery." *Merrill Lynch, Pierce, Fenner & Smith v. O'Connor,* 194 F.R.D. 618, 624 (N.D. Ill. 2000). The court must protect defendants from unfairly expedited discovery. *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982).

---

[3]Part of the reasonableness inquiry will also ask whether the discovery would "better enable the court to judge the parties' interests and respective chances for success on the merits at a preliminary injunction hearing." *Philadelphia Newspapers v. Gannett Satellite Info. Network*, No. 98-CV-2782, 1998 U.S. Dist. LEXIS 10511, at *4 (E.D. Pa. July 15, 1998). Moreover, the court notes that motions for expedited discovery are typically denied when the movant's discovery requests are overly broad*." Qwest Commc'ns Int'l Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 420 (D. Colo. 2003)

Here, Share has failed to establish the requisite "good cause" for expedited discovery. Upon a close examination of all of the documents Share has submitted,[4] the court can only conclude that all of the plaintiff's allegations are purely speculative at this stage of the litigation and do not justify court ordered discovery prior to any potential hearing on a preliminary injunction. Share has three substantive arguments to support the suspicions it alleges in its complaint. First, the plaintiff has submitted a list of customers who Share alleges have "been solicited" by some of the defendants in violation of agreements they had with Share. (Wright Aff. ¶ 16). A list of customers, in and of itself, does not indicate that illicit solicitation might have occurred; it seems equally as likely to this court that the customers listed sought out the sales representatives to continue doing business with them, as Share's own complaint concedes the company's only connection with these customers was through its sales representatives. (Compl. ¶ 17). Second, Share points to the fact that one of the defendants, Lawrence Smith, left Share on January 1, 2010, and joined Momar to show that Momar and the remaining defendants must have illicitly solicited Smith to join Share's competitor. (Wright Aff. ¶ 16). However, the mere fact that Smith accepted employment with one of Share's competitors does not demonstrate a need for the court to authorize discovery at such an early stage of the litigation, as there is nothing in the record to indicate that Smith was solicited to work

---

[4] This includes Share's complaint and accompanying exhibits, Share's motion for a temporary restraining order/preliminary injunction, Share's motion for expedited discovery, and the John Wright's affidavit.

at Momar by Share's former employees. Finally, Share asserts that because the defendant sales representatives and managers worked for the plaintiff and are now employed by Momar in a similar capacity, they must be "using or disclosing Share's confidential information and trade secrets" for the benefit of themselves or Momar. (Wright Aff. ¶ 14). Again, such a claim is purely speculative and, while Share's allegation may prove to be true, expedited discovery, because of the burden it imposes on all parties, should not be used as a means to test claims that are wholly unsubstantiated.[5] Moreover, the plaintiff has not explained the need for the court to impose expedited discovery deadlines, as opposed to the typical path parties take prior to a preliminary injunction hearing with the parties agreeing on their own to a mutually acceptable discovery plan.

Moreover, the court finds that the harm imposed on the defendants in this case in having to engage in the proposed expedited discovery plan would be significant. Share's proposed discovery plan is opened-ended and broad, allowing for: (1) no more than fifteen interrogatories within ten business days of service; (2) no more than twenty requests for production of documents within ten business days of service; and (3) depositions of all of the individual defendants within twenty business days from service. Share does not limit the discovery to any particular issues. Such an intense discovery process is particularly burdensome given that the

---

[5] The court's comment is propelled by the fact that more than half a year has passed since Share's employees resigned from the company. Despite this sizable length of time, Share submitted little evidence to indicate that the defendants are acting in violation of the law. This delay also makes the court doubt Share's need to expedite the initial stages of this litigation.

-6-

individual defendants live in Georgia, New York, North Carolina, South Carolina, Delaware, and Vermont, respectively. (Compl. ¶¶ 2-10). Weighing the plaintiff's need for court ordered expedited discovery versus the burden such an order would impose on the defendants, the court concludes that the expedited discovery that has been proposed is inappropriate in this case and will deny the plaintiff's motion for expedited discovery without prejudice.

However, the court readily acknowledges the need for all parties to engage in some limited discovery in case there remains a need for a hearing on a preliminary injunction after this order.[6] In fact, the court will not hold such a hearing if the parties have not engaged in some preliminary discovery, as the court refuses to become the forum in which to do the discovery. Going forward, the court strongly encourages the parties to engage in open and honest discussions to work out a mutually agreeable discovery plan in anticipation of a potential hearing on a preliminary injunction in this case. For now, however, the court declines to impose a broad expedited discovery plan, when the plaintiff has not demonstrated the need for such a course of action.

Accordingly,

---

[6] As such, the court warns the defendants that the current order is not an excuse to obstruct the discovery process before a potential preliminary injunction hearing. The court expects the defendant to heed its invitation to engage in discovery discussions with the plaintiff prior to such a hearing or risk appropriate sanctions.

-7-

**IT IS ORDERED** that plaintiff's motion for discovery (Docket #3) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 26th day of February, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge