# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

SHARE CORPORATION,

       Plaintiff,

v.                                         Case No. 10-CV-109

MOMAR INC., RICHARD ARENSBERG,
FRED BAYER, TED BERGER,
WENDY BUTTREY, STEPHEN KUTI,
ROD MILLER, LAWRENCE SMITH, and
IRA WOREN,

       Defendants.

_____

## ORDER

On May 13, 2011, defendants Momar Inc. ("Momar"), Richard Arensberg, Fred Bayer, Ted Berger, Wendy Buttrey, Stephen Kuti, Rod Miller, Lawrence Smith, and Ira Woren filed a Motion for a Protective Order pursuant to Federal Rule of Civil Procedure 26(c). (Docket #102). On May 23, 2011, plaintiff Share Corporation ("Share") filed a Motion to Compel pursuant to Federal Rule of Civil Procedure 37. (Docket #108). Defendants seek relief to prevent Share from continuing to pursue discovery relevant only to claims that the court has dismissed with prejudice. On the other hand, Share requests that the defendants be compelled to produce all responsive documents to one of Share's requests for documents.

## BACKGROUND

This case arises from a dispute between companies within the chemical sales industry, Share and Momar. The lawsuit was initiated by Share after Momar hired

several of Share's former employees. Share's complaint alleged various breaches of the former employees' non-compete agreements as well as trade secret misappropriation and tortious interference with existing and prospective contract. On January 26, 2011, the court dismissed Share's claims against all defendants for breach of their non-compete agreements' confidentiality provisions and dismissed Share's claims against all but one defendant for breach of Share's non-solicitation provisions. (Docket #79). Furthermore, the court dismissed Share's claims for trade secret misappropriation and tortious interference with existing contract. (Docket #79). All claims dismissed were dismissed with prejudice. The only claims to survive the defendants' motion to dismiss were Share's claim against individual defendant Berger for his alleged breach of the employee non-solicitation provision contained in his non-compete agreement and Share's claim for tortious interference with prospective customer contracts. The parties currently disagree over the appropriate scope of discovery with regard to the remaining tortious interference claim. With the benefit of the parties' submissions, the court is now prepared to rule on the defendants' Motion for Protective Order and Share's Motion to Compel.

## DISCUSSION

I. **Motion for Protective Order**

Under Federal Rule of Civil Procedure 26, "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). However, Rule 26(c) allows a court, for good cause, to issue

an order protecting a party or person "from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1). Among permissible methods of protection is the restriction of inquiry into certain matters. Fed.R.Civ.P. 26(c)(1)(D). The Supreme Court has held that "it is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken . . . unless the information sought is otherwise relevant to issues in the case." *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978).

The defendants contend that Share should be precluded from pursuing discovery into matters relevant only to the dismissed claims relating to Share's non-compete agreements and the alleged misappropriation of trade secrets. On the other hand, Share argues that the discovery requests at issue in this case are not only relevant to its dismissed claims, but they are also relevant to its remaining claim of tortious interference with prospective contract. Therefore, Share contends it should be permitted discovery on these matters. Specifically, Share claims that it may inquire into the defendants' use of Share's trade secrets to induce Share's former customers to terminate their business relationships with Share because Share has alleged that the defendants' use of trade secrets constitutes the improper interference element of their tortious interference with prospective contract claim.

To prevail on a tortious interference with prospective contract claim, a plaintiff must prove the following elements: (1) an actual or prospective contract existed between the plaintiff and a third party; (2) the defendant interfered with that contract

or prospective contract; (3) the interference was intentional; (4) the interference caused the plaintiff to sustain damages; and (5) the defendant was not justified or privileged to interfere. *Shank v. William R. Hague, Inc.*, 192 F.3d 675, 681 (7th Cir. 1999). Moreover, interference is actionable only if it is intentional and improper. *See Foseid v. State bank of Cross Plains*, 197 Wis.2d 772, 788, 541 N.W.2d 203 (Wis. Ct. App. 1995) (citing *Cudd v. Crownhart*, 122 Wis.2d 656, 660, 364 N.W.2d 158 (Wis. Ct. App. 1985)). Here, Share argues that the interference by the defendants was improper because they used Share's trade secrets to induce customers to terminate their business relationship with Share. However, the court has already dismissed Share's claim for misappropriation of trade secrets. First, the court found that the only plausible allegations of a trade secret set forth by Share in its complaint were references to specific customer information – not simply customer lists, but other complicated and less readily ascertainable information. (Docket #79 at 21). Even so, the court also found that Share failed to plausibly allege that the defendants misappropriated this information. (*Id.*). Specifically, the court noted that Share failed to sufficiently allege that the defendants' contact with customers involved the improper possession or use of the customer information deemed to be a trade secret. (*Id.*).

Accordingly, because the conduct forming the basis for the interference claim – that defendants improperly used Share trade secrets to induce customers away from Share – is essentially the same as that alleged in the misappropriation of trade

secrets claim, and because the court has determined that no plausible misappropriation of trade secrets was alleged, the conduct is not improper and cannot support Share's interference claim. *See Stop-N-Go of Madison Inc. v. Uno-Ven Co.*, 184 F.3d 672 (7th Cir. 1999) (applying Wisconsin law) (finding that an interference claim could not be supported by conduct that the court had already determined was not improper, via its consideration of that conduct pursuant to a separate claim). The information Share seeks in this respect is not relevant to Share's tortious interference claim because the court has already determined that a claim based on improper use (or misappropriation) of trade secrets fails. Consequently, Share may not seek discovery based on the defendants' improper use of trade secrets. Accordingly, the court will grant the defendants' Motion for Protective Order pursuant to Fed.R.Civ.P. 26(c)(1)(D), precluding Share from seeking discovery of information relating to the defendants' alleged use of Share's trade secrets because it is not relevant to Share's claim of tortious interference for the reasons stated above.

## II.  Motion to Compel

As for motions to compel, the court enjoys significant discretion in ruling on a motion to compel. *Gile v. United Airlines*, 95 F.3d 492, 495-96 (7th Cir.1996). This is because a district court is in the best position to decide the proper scope of discovery and settle any discovery disputes. *Id.* at 495. Thus, the court may use its broad discretion to carry out the "strong public policy in favor of disclosure of relevant

materials." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (citing Fed.R.Civ.P. 26(b)(2)).

A party may seek an order to compel discovery if an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. Fed.R.Civ.P. 37(a)(1)-(4). The party objecting to a discovery request bears the burden in showing why the request is improper. *Kodish v. Oakbrook Terrace Fire Protection District*, 235 F.R.D. 447, 450 (N.D.Ill. 2006); *see also Sherman Park Community Ass'n v. Wauwatosa Realty Co.*, 486 F.Supp. 838, 845 (E.D.Wis. 1980). In ruling on a discovery motion, courts consider "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (internal quotation omitted).

Share filed this Motion to Compel as a result of Momar's objections to one of Share's requests for documents. Specifically, Share requested that the defendants produce "a copy of all call reports, call logs, solicitation efforts, sales reports and other documents that reflect either the calling upon or the sale of product to the customers listed on the attached Exhibits [sic] A." (Ingrisano Decl., Ex. B at 9) (Docket #104-2). According to Share, the attached "Exhibit A" is a list of customers, per individual defendant, that Share contends gave rise to a prospective contract. (Pl.'s Br. in Supp. Mot. Compel at 4). The defendants objected to this document

request on the grounds that it was overly broad, unduly burdensome, and not reasonably calculated to lead to discovery of admissible evidence. (Ingrisano Decl., Ex. D at 10) (Docket #104-4). The defendants further explained that, based on the deposition testimony of John Wright, Share's corporate designee, the list of customers on Exhibit A was a result of an arbitrary selection process and that many of the customers did not have a longstanding or continuing business relationship with Share. (*Id.*).

This particular dispute is problematic as it strikes at an essential component of the interference with prospective contract claim, that is, whether a prospective contractual relationship with a customer existed with sufficient certainty and definiteness. *See Shank*, 192 F.3d at 685. Specifically, Share is requesting sales data from customers it claims it had prospective contracts with, while Momar is disputing that Share ever had a prospective contract with these customers. However, it is Momar's burden to show why the request is improper. Though Momar has generally noted it does not find the customers on Exhibit A to have had long-standing and continuing business relationships with Share, it has failed to substantiate that contention. Because Momar has not met its burden, and because it appears that Share has attempted to revise the list, at least to some degree, in response to Momar's objections (*see* Pl.'s Br. in Supp. Mot. Compel ¶ 16), the court will grant Share's motion to compel as to its Document Request No. 5.

Accordingly,

**IT IS ORDERED** that defendants' Motion for Protective Order (Docket #102) be and the same is hereby **GRANTED**; plaintiff is precluded from discovery of matters relevant only to its already-dismissed claims, including defendants' alleged use of Share's trade secrets; and

**IT IS FURTHER ORDERED** that plaintiff's Motion to Compel (Docket #108) be and the same is hereby **GRANTED**; the defendants shall respond to Share's Document Request No. 5 within **twenty (20) days** from the date of this order.

Dated at Milwaukee, Wisconsin, this 29th day of June, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge